UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Matthew Leroy Jenkins,

      Plaintiff,

  vs.                    REPORT AND RECOMMENDATION

Daniel Raden, Mary Stahl Swanson,
Mike Green, Barb Stoltz and
Lynn Dingle,

      Defendants.         Civ. No. 05-1247 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

The Plaintiff, who is a State prisoner, commenced this action under Title 42 U.S.C. §1983, seeking relief for various alleged violations of his rights under the United States Constitution. The Plaintiff did not tender any filing fee with his

Complaint, but instead, he filed a Motion requesting leave to proceed IFP. The Plaintiff now advises that he would like to dismiss his Complaint. See <u>Docket No. 10</u>. The Defendants have yet to be served with process, and there does not appear to be any other impediment to the voluntary dismissal of the Plaintiff's Complaint. See <u>Rule 41(a)(1), Federal Rules of Civil Procedure</u> ("[A]n action may be dismissed by the plaintiff without order of the court * * * by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs."). Accordingly, having construed the Plaintiff's most recent filing as a notice of voluntary dismissal,[1] we recommend that the Plaintiff's Complaint be dismissed, but without prejudice, and that his Motion for leave to proceed IFP be denied, as moot.

    NOW, THEREFORE, It is –

    RECOMMENDED:

    1.    That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice.

---

[1] In the event that the Plaintiff did not intend his submission to act as a notice of voluntary dismissal, he should so advise the Court within the objection period applicable to this Report and Recommendation.

2. That the Plaintiff's Motion for Leave to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied, as moot.

Dated:  November 1, 2005            <u>s/Raymond L. Erickson</u>
                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than November 21, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than November 21, 2005,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.